## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUG LONGHINI,

      Plaintiff,

  v.

COLUMBIA-BBB WESTCHESTER
SHOPPING CENTER ASSOCIATES;
SSC335051, LLC; ARTESANOS LLC;
SSAIBA#2, LLC; SUSHI SAKE WESTCHESTER, INC.;
and WEST MARINE PRODUCTS, INC.,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES; SSC335051, LLC; ARTESANOS LLC; SSAIBA#2, LLC; SUSHI SAKE WESTCHESTER, INC.; and WEST MARINE PRODUCTS, INC. (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C.

§ 12181, et seq.

3.     Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise sui juris.

4.     At all times material, Defendant, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES, was and is a Florida General Partnership, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

5.     At all times material, Defendant, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES, owned and operated a commercial retail shopping center at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6.     At all times material, Defendant, SSC335051, LLC, was a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7.     At all times material, Defendant, SSC335051, LLC, owned and operated a restaurant at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, SSC335051, LLC, holds itself out to the public as "Dunkin Donuts."

8.     At all times material, Defendant, ARTESANOS LLC, was a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9.     At all times material, Defendant, ARTESANOS LLC, owned and operated a

restaurant at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ARTESANOS LLC, holds itself out to the public as "Artesanos."

10.     At all times material, Defendant, SSAIBA#2, LLC, was a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

11.     At all times material, Defendant, SSAIBA#2, LLC, owned and operated a restaurant at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, SSAIBA#2, LLC, holds itself out to the public as "Subway."

12.     At all times material, Defendant, SUSHI SAKE WESTCHESTER, INC., was and is a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Miami, Florida.

13.     At all times material, Defendant, SUSHI SAKE WESTCHESTER, INC., owned and operated a restaurant at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, SUSHI SAKE WESTCHESTER, INC., holds itself out to the public as "Sushi Sake."

14.     At all times material, Defendant, WEST MARINE PRODUCTS, INC., was and is a Foreign Profit Corporation, incorporated under the laws of the State of California, with its principal place of business in Watsonville, California.

15.     At all times material, Defendant, WEST MARINE PRODUCTS, INC., owned and

operated a commercial retail store at 2275 SW 87th Ave. Miami, Florida 33155 (hereinafter the "Commercial Property") and conducted a substantial and significant amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, WEST MARINE PRODUCTS, INC., holds itself out to the public as "West Marine."

16.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

17.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

18.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

19.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

20.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.  He is limited in his major life activities by such, including but not limited

to walking, standing, grabbing, grasping and/or pinching.

21.     Defendant,   COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER
ASSOCIATES, owns, operates and oversees the Commercial Property, its general parking lot and
parking spots.

22.     The subject Commercial Property is open to the public and is located in Miami,
Florida.

23.     The individual Plaintiff visits the Commercial Property and businesses located
within the Commercial Property, regularly, to include a visit to the Commercial Property and
businesses located within the Commercial Property on or about November 18, 2020 and January
14, 2021 encountering multiple violations of the ADA that directly affected his ability to use and
enjoy the Commercial Property and businesses located therein.  He often visits the Commercial
Property and businesses located within the Commercial Property in order to avail himself of the
goods and services offered there, and because it is approximately eight (8) miles from his
residence, and is near his friends' residences as well as other businesses and restaurants he
frequents as a patron. He plans to return to the Commercial Property and the businesses located
within the Commercial Property within two (2) months from the date of the filing of this
Complaint. More specifically Plaintiff intends to revisit the Commercial Property on March 12,
2021.

24.     Plaintiff is the President of National Alliance for Accessibility, Inc. and often
travels through South Florida to conduct outreach activities on behalf of National Alliance for
Accessibility, Inc. Many members and prospective members have transportation difficulties which
requires Plaintiff to travel to visit members and prospective members.

25.     Plaintiff resides nearby in a same County and state as the Commercial Property and

the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his home and his friends' residences and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint.

26.     The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

27.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

28.     Defendant, COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER ASSOCIATES, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES, owns and operates the Commercial

Property Business located at 2275 SW 87th Avenue, Miami, Florida 33155.

29.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through VI of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

30.     Defendant, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES, as landlord and owner of the Commercial Property, is responsible for all ADA violations listed in this Complaint.

31.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I—ADA VIOLATIONS**
**AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES**

32.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33.     Defendant,   COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER
ASSOCIATES, has discriminated, and continues to discriminate, against Plaintiff in violation of
the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26,
1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of
the violations that Plaintiff encountered during his visit to the Commercial Property, include but
are not limited to, the following:

A.     Parking

i.      The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are
located on an excessive slope. Violation: There are accessible parking spaces located on
an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010
ADA Standards, whose resolution is readily achievable

ii.     The plaintiff had difficulty exiting the vehicle, as designated accessible parking space
access aisles are located on an excessive slope. Violation: There are accessible parking
space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG
and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.     Entrance Access and Path of Travel

i.      The plaintiff had difficulty traversing the path of travel, as it is not continuous and
accessible. Violation: There are inaccessible routes from the public sidewalk and
transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8,
4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010
ADA Standards, whose resolution is readily achievable.

ii.     The plaintiff had difficulty traversing the path of travel due to abrupt changes in level.
Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and

4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v.   The plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II—ADA VIOLATIONS
## AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES AND SSC335051, LLC

34.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

35.   Defendants, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES and SSC335051, LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26,

1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

      A.    Public Restrooms

i.    The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT III—ADA VIOLATIONS
### AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES AND ARTESANOS LLC

36.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

31 above as though fully set forth herein.

37. Defendants, COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES and ARTESANOS LLC, have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½" below a grab bar obstructing its use. Violation: The grab bars do not comply with

the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and

609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not transfer to the toilet without assistance, as objects are mounted less

than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with

the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3

of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not

the required length and the side grab bar is not mounted at the required location. Violation:

The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure

29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose

resolution is readily achievable.

vii.   The plaintiff had difficulty entering the restroom without assistance, as the door threshold

is too high. Violation: There are threshold rises in excess of ½ inch at the restroom

entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA

Standards, whose resolution is readily achievable.

**COUNT IV—ADA VIOLATIONS**
**AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES AND**
**SSAIBA#2, LLC**

38.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

31 above as though fully set forth herein.

39.   Defendants,   COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER

ASSOCIATES and SSAIBA#2, LLC, have discriminated, and continues to discriminate, against

Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26,

1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of

$500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the

Commercial Property, include but are not limited to, the following:

    A.    <u>Entrance Access and Path of Travel</u>

i.    The plaintiff could not traverse through areas of the restaurant, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.    <u>Access to Goods and Services</u>

i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.    <u>Public Restrooms</u>

i.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance is not provided. Violation: The restroom area door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length and the side grab bar is not mounted at the required height or location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT V—ADA VIOLATIONS
## AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES AND
## SUSHI SAKE WESTCHESTER, INC.

40.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

41.     Defendants,   COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER

ASSOCIATES and SUSHI SAKE WESTCHESTER, INC., have discriminated, and continues to

discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible

facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and

gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his

visit to the Commercial Property, include but are not limited to, the following:

A.     Entrance Access and Path of Travel

i.      The plaintiff could not traverse through areas of the restaurant, as the required 36" path is

not provided. Violation: A continuous path of travel connecting all essential elements of

the restaurant is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG

and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily

achievable.

B.     Access to Goods and Services

i.      The plaintiff could not utilize the bar counter, as the required knee & toe clearances are not

provided. Violation: There are bar counters that do not provide the required clearances,

violating Sections 4.32.3 & 5.2 of the ADAAG and Sections 226 & 902.2 of the 2010 ADA

Standards, whose resolution is readily achievable.

C.     Public Restrooms

i.      There are permanently designated interior spaces without proper signage, violating Section

4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards,

whose resolution is readily achievable.

ii.     The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not

wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iv.     The plaintiff could not transfer to the toilet without assistance, as the grab bars are not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT VI—ADA VIOLATIONS
## AS TO COLUMBIA-BBB WESTCHESTER SHOPPING CENTER ASSOCIATES AND
## WEST MARINE PRODUCTS, INC.

42.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

43.     Defendants,   COLUMBIA-BBB   WESTCHESTER   SHOPPING   CENTER ASSOCIATES and WEST MARINE PRODUCTS, INC., have discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.     Public Restrooms

i.     There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections

4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

ix.   The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>RELIEF SOUGHT AND THE BASIS</u>**

44.   The discriminatory violations described in Counts I through VI of this Complaint

are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the

Defendants' places of public accommodation in order to photograph and measure all of the

discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and

timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed

by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further

ingress, use, and equal enjoyment of the Commercial Business and businesses located within the

Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction

with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the

remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's

representatives pursuant to Federal Rule of Civil Procedure 34.

45.    The individual Plaintiff, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities

privileges, benefits, programs and activities offered by Defendants, Defendants' buildings,

businesses and facilities; and has otherwise been discriminated against and damaged by the

Defendants because of the Defendants' ADA violations as set forth above.  The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein. In order to remedy

this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public

accommodation in order to determine all of the areas of non-compliance with the Americans with

Disabilities Act.

46.    Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility, in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

47.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

48.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

49.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

50.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 2275 SW 87th Ave. Miami, Florida 33155, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 14, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court

Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                       aquezada@lawgmp.com

By: ___*/s/ Anthony J. Perez*_____
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713